UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE, ET AL. | * | CIVIL ACTION |
| | * | NO. 18-399 |
| VERSUS | | |
| | * | SECTION "J" (2) |
| LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY, ET AL. | | |

**ORDER AND REASONS**

Before me is Plaintiffs Academy of Allergy & Asthma in Primary Care and United Biologics, LLC d/b/a United Allergy Services' Motion to File Certain Documents under Seal, which motion was filed as an *ex parte*/consent motion but failed to indicate whether Plaintiffs obtained the consent of all other parties before filing same. ECF No. 362.  Nevertheless, no party filed an Opposition Memorandum.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' motion (ECF No. 362) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.      **BACKGROUND**

This litigation arises from an alleged conspiracy to exclude Plaintiffs from the market for allergy testing and allergen immunotherapy in certain areas of Louisiana, Kansas, and other states. Plaintiff United Biologics, LLC, d/b/a United Allergy Services ("UAS") provides equipment, technicians and support services necessary for the treatment of allergy testing and immunotherapy. ECF No. 145.  Plaintiff Academy of Allergy & Asthma in Primary Care ("AAAPC") is a non-profit organization composed of primary care physicians who seek to provide allergy and asthma treatments to patients.  *Id*. ¶ 12, at 6.  Plaintiffs allege that UAS's services allow primary care physicians to conduct cost-effective allergy skin testing and immunotherapies from these

1

physicians' own offices or clinics, which allows non-specialized physicians to enter the allergy market and eliminate the need to refer patients to board-certified allergists or outsource blood allergy tests to reference laboratories and their entry into the allergy market had two major consequences: it disrupted the system of referrals from primary care doctors to allergy specialists and it also required health insurance companies "to pay more upfront in preventative medicine by reaching far more patients than board-certified allergists could in their respective markets."  ECF No. 145, ¶ 24, at 11.

On January 24, 2022 this Court ordered the temporary sealing of Exhibits A-Y to Plaintiff's Motion to Compel (ECF No. 262) for a three month period, before the expiration of which Plaintiffs' counsel or third party counsel could file an additional motion to seal the documents. ECF No. 273.

Over a year later, on April 25, 2023, only after  Centene Corporation filed a contested Motion to Intervene for purposes of moving to unseal the same documents now at issue, did Plaintiffs file an unopposed *ex parte* motion to reseal Exhibits A-Y.  ECF Nos. 339-40.  Although the motion was initially granted, on May 3, 2023, the undersigned vacated that order and gave Plaintiffs 14 days within which to submit proposed redacted versions, highlighting the portions of each document, after a document-by-document, line-by-line review, that Plaintiffs contend reflect information that must be sealed.

1.  The Motion to Seal

Plaintiffs seek to permanently seal portions of the twenty-five exhibits at issue and have delivered proposed redactions, arguing the exhibits primarily contain trade secrets and confidential information.  *See* ECF Nos. 362-364.  Plaintiffs claim to have marked for redaction only the lines that contain confidential financial information, business operations, legal positions, or other trade

secret information that would allegedly damage Plaintiffs' reputation if publicly filed.  ECF No. 362-1 at 3.  Plaintiffs assert that the documents at issue were meant only for the eyes of UAS' board of directors and essential staff because they contain financial reports as well as commentary and forecasting on such reports.  *Id*. at 4.  Plaintiffs submit three categories of redactions—limited business and planning information, financial information, and legal strategies and settlements— and assert that no heightened public interest in accessing this information weighs against Plaintiffs' concerns.  *Id*. at 4-5.

## II.   <u>APPLICABLE LAW AND ANALYSIS</u>

"Judicial records belong to the American people; they are public, not private, documents, and "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (citations omitted). Independent of the parties' interests, the public has an interest in transparent court proceedings, which promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.  *BP Exploration & Production, Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quotation omitted).  Thus, "the working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citation omitted).

The sealing of judicial records is thus the exception rather than the norm, and courts should be ungenerous with their discretion to seal judicial records.  *Id.* at 417-19 (citations omitted); *June Medical Services,* 22 F.4th at 519-21 (same).  Moreover, the standard for placing a document under seal is different from the standard governing whether unfiled discovery should be kept confidential.  *Bin Hoa Le,* 990 F.3d at 419-20.  A party's position that documents should be

3

confidential under the terms of a Protective Order is not dispositive of whether the documents should also be filed under seal.

Litigants do, however, "sometimes have good reasons to file documents . . . under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* at 419.  While there is a presumption of public access to judicial records, court have recognized that this access is not absolute.  *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, *Inc.*,  No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).  "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 599).

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure. *Weiss v. Allstate Insurance Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citations omitted).   To determine whether a judicial record should

be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419-20 (internal quotations and citations omitted).

After reviewing the documents at issue in their entirety and Plaintiffs' proposed redactions, the undersigned has determined that Plaintiffs' motion to seal must be denied as to Exhibits A, D, F, G, O, Q, and U, which are either transmittal e-mails or meeting minutes containing no confidential information. The court further grants in part and denies in part the motion to seal as to Exhibits B, C, E, H, I, J, K, L, M, N, P, R, S, T, V, W, X, and Y. Balancing the public's common law right of access to the exhibits against the interest favoring nondisclosure, the Court has adjusted the redactions to shield from the public view only the confidential business information and detailed financial records[1] contained within each exhibit.

## III.   **CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Seal (ECF No. 362) is GRANTED IN PART and DENIED IN PART as stated herein. Partially redacted Exhibits B, C, E, H, I, J, K, L, M, N, P, R, S, T, V, W, X, and Y will be e-mailed to Plaintiffs' counsel, and Plaintiffs' counsel is directed to move to substitute these court redacted exhibits, as well as non-redacted Exhibits A, D, F, G, O, Q, and U, for those currently attached to their motion to compel (ECF Nos. 262-17—262-41) within 14 days, absent any appeal of this ruling.

New Orleans, Louisiana, this ___7th___ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Ruby Slipper*, 2020 WL 4897905, at *9.