UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACADEMY OF ALLERGY &                    CIVIL ACTION
ASTHMA IN PRIMARY CARE, ET
AL.                                     NO. 18-399

VERSUS                                  SECTION: "J"(2)

LOUISIANA HEALTH SERVICE
AND INDEMNITY COMPANY, ET
AL.

### ORDER AND REASONS

Before the Court is a *Joint Motion for Summary Judgment on Plaintiffs'*
*Claims in Counts 1 and 6*  **(Rec. Doc. 450)** filed by Defendants, Humana, Inc.
("Humana"), Blue Cross and Blue Shield of Kansas, Inc (BCBSKS), Louisiana Health
Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana
(BCBSLA), and AllMed Healthcare Management, Inc ("AllMed") (collectively,
"Defendants"); an opposition (Rec. Doc. 463) filed by Plaintiffs, Academy of Allergy &
Asthma in Primary Care ("AAAPC") and United Biologics, LLC d/b/a United Allergy
Services ("UAS") (collectively, "Plaintiffs"); and Defendants' reply thereto (Rec. Doc.
470). Having considered the motion and legal memoranda, the record, and the
applicable law, the Court finds that the motion should be **GRANTED**.

The Court has recounted the facts and procedural background of this case in
several previous Orders and Reasons. (Rec. Docs. 481, 303, 195). This case arises out
of an alleged conspiracy among the defendant health insurance companies to deny

claims submitted by primary care physicians (PCPs) for allergy services in order to force UAS to withdraw from several states and drive UAS out of business.

In the instant motion for summary judgment, Defendants seek dismissal of UAS's claims in Count 1 and both Plaintiffs' claims for declaratory relief in Count 6, arguing that (1) UAS admitted in previous lawsuits that its alleged injuries were caused by other entities, rather than by Defendants, (2) the factual record now justifies revisiting UAS's antitrust standing, and (3) the Medicaid Act and the Affordable Care Act do not create a private right of action to demand declaratory relief. (Rec. Doc. 450-1). On November 27, 2023, the Court granted Defendants' motions for partial summary judgment on Count 1, dismissing Plaintiffs' antitrust claim based on Section 1 of the Sherman Act. (Rec. Doc. 481). Therefore, only Count 6 (Plaintiffs' request for Declaratory relief) remains pending before the Court.

In Count Six of their Second Amended Complaint, Plaintiffs seek a declaration "that Defendants' efforts to restrict reimbursement of allergy testing and immunotherapy services to board-certified allergists and their businesses and other effort to exclude Plaintiffs violate federal law." (Rec. Doc. 145, at 68). Plaintiffs point to federal and state laws and regulations that "prohibit discrimination against primary care physicians for providing services within the scope of their licensures and certifications." *Id.* at 67 (citing 42 U.S.C. § 1396u-2; 42 U.S.C.A. § 300gg-5; 42 C.F.R. § 438.12). Plaintiffs also state that "the Medicare and Medicaid implementing regulations require that provider selection policies and procedures must not discriminate against particular providers that serve high-risk populations." *Id.*

2

(citing 42 C.F.R. § 438.214) (internal quotation marks omitted). Count Six also requests that the Court permanently enjoin Defendants from enforcing policies prohibiting PCPs from providing allergy testing or immunotherapy services, contacting independent review organizations, and threatening to offset or terminate agreements in retaliation for PCPs working with UAS. *Id.* at 68.

Defendants argue that, even if UAS were a healthcare provider, neither the Medicaid Act nor the ACA creates a private right of action, and Plaintiffs cannot manufacture a private right of action out of whole cloth by pleading a claim for declaratory judgment. (Rec. Doc. 450-1, at 26-27). Additionally, Defendants contend that even if Plaintiffs did have a private right of action to remedy violations of the antidiscrimination provisions in the ACA and Medicaid Act, Plaintiffs cannot prove that Defendants categorically restricted reimbursement for allergy testing and immunotherapy for board certified allergists or for PCPs. *Id.* at 27 (citing insurance companies' deposition testimony that they do not have policies that prohibit PCPs from providing allergy testing or immunotherapy to patients and/or restrict payment for such services solely to board certified allergists).

In response, Plaintiffs do not dispute Defendants' arguments or factual contentions regarding Defendants' reimbursement policies. Instead, in their single-paragraph argument, Plaintiffs simply assert that, although the Declaratory Judgment Act "does not open the courthouse, once a party is there, the Court has jurisdiction to construe a statute *if doing so would assist in resolving other claims*." (Rec. Doc. 463, at 30) (emphasis added).

Plaintiffs do not dispute Defendants' claims that the antidiscrimination provisions in the ACA and the Medicaid Act do not create a private right of action, but simply argue that the Declaratory Judgment Act provides a right to relief because there is an actual case-and-controversy. The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act, does not create a substantive cause of action. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("The Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right"). *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir.1984) ("The federal Declaratory Judgment Act ... is procedural only.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *Okpalobi v. Foster*, 244 F.3d 405, 423 n. 31 (5th Cir.2001) ("[T]he law makes clear that—although the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). Federal courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). However, courts "may not dismiss requests "for declaratory judgment relief on the basis of whim or personal disinclination." *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (internal citations and quotation marks omitted).

Plaintiffs seek a declaratory judgment that Defendants violated the following federal laws and regulations: Section 1396u-2(b)(7) of the Medicaid Act,[1] Section § 300gg-5 of the Affordable Care Act (ACA),[2] and Section 438.12(a)(1)[3] and Section 438.214(c)[4] of the Medicare and Medicaid implementing regulations. Each of these statutes enumerates antidiscrimination rules protecting healthcare providers from discrimination. None of these statutes that Plaintiffs cite in their Second Amended Complaint provide for a private right of action, which Plaintiffs acknowledge by their failure to respond in their opposition brief to Defendants' argument on this point. Because the Declaratory Judgment Act is procedural and does not create an independent private right of action and because the Court has dismissed all of Plaintiffs' substantive claims, Defendants are entitled to judgment as a matter of law on Plaintiffs' request for declaratory and injunctive relief in Count Six. Accordingly,

---

[1] Section 1396u-2(b)(7) of the Medicaid Act states that, "A medicaid managed care organization shall not discriminate with respect to participation, reimbursement, or indemnification as to any provider who is acting within the scope of the provider's license or certification under applicable State law, solely on the basis of such license or certification." 42 U.S.C.A. § 1396u-2(b)(7). "This paragraph shall not be construed to prohibit an organization from. . . establishing any measure designed to maintain quality and control costs consistent with the responsibilities of the organization." *Id.*

[2] Section § 300gg-5 of the Affordable Care Act (ACA) states that, "A health insurance issuer. . . shall not discriminate with respect to participation under the plan or coverage against any health care provider who is acting within the scope of that provider's license or certification under applicable State law." 42 U.S.C.A. § 300gg-5. "Nothing in this section shall be construed as preventing. . . a health insurance issuer. . .from establishing varying reimbursement rates based on quality or performance measures." *Id.*

[3] Section 438.12(a)(1) of the Medicare and Medicaid implementing regulations states that, "An MCO, PIHP, or PAHP may not discriminate in the participation, reimbursement, or indemnification of any provider who is acting within the scope of his or her license or certification under applicable State law, solely on the basis of that license or certification." 42 C.F.R. § 438.12(a)(1). "If an MCO, PIHP, or PAHP declines to include individual or groups of providers in its provider network, it must give the affected providers written notice of the reason for its decision." *Id.*

[4] Section 438.214(c) of the Medicare and Medicaid implementing regulations states that "provider selection policies and procedures, consistent with § 438.12, must not discriminate against particular providers that serve high-risk population." 42 C.F.R. § 438.214(c).

**IT IS HEREBY ORDERED** that the motion for summary judgment on Count

6 **(Rec. Doc. 450)** is **GRANTED** and Plaintiffs' claims for declaratory and injunctive

relief are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 28th day of November, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE